UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN LIPKIN | ) | |
| | ) | Case Number |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Bryan Lipkin, by and through his undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Bryan Lipkin, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; and the Telephone Consumer Protection Act of 1991, 47 U.S.C.§227, et seq. and 47 C.F.R. 64.1200, et seq ("TCPA").

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains its principal place of business here.

## III.    PARTIES

4. Plaintiff, Bryan Lipkin, ("Plaintiff") is an adult natural person residing 12722 Chets Creek Drive North, Jacksonville, FL 32224.

5. Defendant, NCO Financial System, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Florida with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Defendant at all times material and relevant hereto, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## IV. FACTUAL ALLEGATIONS

8. In or around the end of November 2008, Plaintiff began to receive calls from Defendant with regard to collection of an alleged consumer debt owed by debtors described as "Alfonso and Yolanda".

9. Plaintiff is not "Alfonso or Yolanda". Plaintiff does not know anyone by the names Alfonso or Yolanda.

10. Plaintiff has informed Defendant's agents on numerous occasions that they are calling the wrong number.

11. Plaintiff has no business relationship with Defendant.

12. Defendant's agents continue to call Plaintiff at least twice per day and sometimes more, with an approximate total of 715 calls in the last twelve months.

13. During the week of November 16, 2009, Plaintiff spoke with Defendant's agents four times.

14. On or about November 20, 2009, Plaintiff received another call from Defendant and the following conversation ensued:

- Defendant's agent asked, "Is this Alfonso?" to which Plaintiff replied that not only was it not Alfonso but he had no idea who Alfonso was.

- Defendant's agent asked Plaintiff if he was sure Alfonso was not there.

- Plaintiff reiterated that Alfonso was not there and that he did not know Alfonso.

- Defendant's agent said, "You know Alfonso's there."

- Plaintiff loudly stated that Alfonso was not there to which Defendant's agent replied, "You don't need to be an asshole!"

15. Defendant's agents negligently failed to remove Plaintiff's telephone number from their system and continued to call and harass him even after being told they had contacted the wrong person.

16. Defendant's contact and language used violates the FDCPA.

17. Defendant's constant telephonic contact with the Plaintiff violates the TCPA.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **COUNT ONE – FDCPA**

22.     The above paragraphs are hereby incorporated herein by reference.

23.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was not incurred by Plaintiff but was a debt incurred for personal, family or household purposes but is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a.     b(1)  Defendant's agents failed to state that they were confirming or correcting location information when contacting Plaintiff, a third party;

    b.     b(3)  Defendant's agents contacted Plaintiff, a third party, more than once;

    c.     c(a)(1)  Defendant's agents contacted Plaintiff at a time/place which should have been known to be inconvenient to Plaintiff;

    d.     d  Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiffs;

    e.     d(5)  Defendant's agents caused Plaintiff's phone to ring and engaged him in telephone conversation repeatedly;

    f.     d(6)  Defendant's agents failed to disclose their identity;

    g.  f The conduct and practices of Defendant's agents was unfair to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

  a.  Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – TCPA

25.  The above paragraphs are hereby incorporated herein by reference.

26.  At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

27.  The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a.  The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plainitff.

    b.    The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

    c.    The Defendant initiated communication to the Plaintiff using a an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                      **Respectfully submitted,**

                      **WARREN & VULLINGS, LLP**

**Date: February 15, 2010.**        BY: **/s/Bruce K. Warren**
                                        BY: **/s/Brent F. Vullings**

                                          Bruce K. Warren, Esquire
                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800    Fax 215-745-7880
                                        Attorney for Plaintiff